## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| CHEYENNE HOTEL INVESTMENTS, LLC ) | Case No. 19-15473-KHT |
| ) | Chapter 11 |
| EIN:# 26-4293625 ) | |
| ) | |
| Debtor ) | |

### DEBTOR'S RESPONSE TO ORDER TO SHOW CAUSE

Debtor, Cheyenne Hotel Investments, LLC submits the following response to this Court's Order to Show Cause dated July 25, 2019.

1. This case was commenced on June 26, 2019 by the filing of a voluntary petition under Chapter 11 of the Bankruptcy Code. (Docket # 1).

2. The case was filed without the required Statement of Affairs and Schedules due to exigent circumstances which appeared to demand immediate filing. Prior to the filing, the Debtor and its counsel did not have the benefit of customary assembly of background financial and operations information, or even the assignment of tasks necessary to assemble the information necessary to prepare the Statement of Affairs and Schedules.

3. As soon as the case was filed, the attention of counsel and senior management of the Debtor was directed to preparation, filing and prosecution of a Motion for relief under Sections 362 and 365 of the Bankruptcy Code. Docket # 11. That Motion resulted in two hearings, a non-evidentiary hearing on July 9, 2019, and an evidentiary hearing on July 17, 2019. Although the Debtor and its counsel worked on the collection and assembly of information necessary

1

        to the Statements and Schedules during this period, they were not able to devote undivided attention to those matters.

4. Debtor's counsel is a solo practitioner and has no associates or paralegals available to assist in preparation of the statements and schedules.

5. Debtor's management is conducted by its Member-Manager, Samira Khan, and a few key other persons, including an outside accounting firm. Coordination of the various sources of data necessary to preparation of the statements and schedules was not supported by a substantial in-house staff of the Debtor.

4. As a result of the foregoing factors, the Debtor was unable to timely file its Statement of Affairs and Schedules of Assets and Liabilities.

5. The Debtor filed two Motions for extension of time to file its Statement of Affairs and Schedules of Assets and Liabilities. Docket ## 21, 35. In each instance, the request was granted. ## 25, 38. The last request filed on July 18, 2019 granted an extension of time to July 22, 2019.

6. In each instance, the request for additional time was made by Debtor based upon undersigned counsel's best estimate of the Debtor and counsel's ability to complete the required filings.

7. By July 22, 2019, although work was well underway on the Statement of Affairs and Schedules of Assets and Liabilities, those filings were not completed. Completion seemed imminent, but counsel lacked confidence in his ability to predict the date when the filings would be done. Therefore, the Debtor did not file a further request for additional time to file.

8. On July 25, 2019 this Court issued its Order to Show Cause. Docket # 44.

9. Also on July 25,2019, the Debtor filed its Statement of Affairs (Docket # 45), Schedule A/B

(Docket #46), Schedules D, E, and F (Docket # 47), Schedule G (Docket # 47), Schedule H (Docket # 49). and Debtor's supporting Declaration (Docket # 50). These filing were made as soon as Debtor and Debtor's counsel could complete them, and were not prompted by the Order to Show Cause.

10. Upon a subsequent review of the Docket, counsel noted that a statement of equity holders and a summary of the schedules had not been filed on July 25, 2019. Those deficiencies were the product of counsel's adoption of a new web-based system for preparation of the initial filings, and counsel's unfamiliarity with that system. Those deficiencies were cured on August 5, 2019. Docket ## 58, 59.

11. Debtor submits that all of the deficiencies noted in the Order to Show Cause have been cured.

12. No prejudice to the creditors has resulted form the Debtors' delay in filing.

13. The Debtor exercised good faith and diligence in getting the filings completed.

Wherefore, Debtor Cheyenne Hotel Investments, LLC asks the Court to discharge the Order to Show Cause.

Dated this 8th day of August 2019.

Respectfully submitted,

THOMAS F. QUINN, P.C.

By: /s/ Thomas F. Quinn
Thomas F. Quinn (#5887)
303 East 17th Avenue, Suite 920
Denver, CO 80203
Telephone: (303) 832-4355
Facsimile: (303) 672-8281
Email: tquinn@tfqlaw.com
Attorney for the Debtor
Cheyenne Hotel Investments, LLC

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 8, 2019 true and correct copies of the foregoing DEBTOR'S RESPONSE TO ORDER TO SHOW CAUSE was served electronically via the Court's CM/ECF notice system, addressed to all parties receiving such notice.

*/s/ Thomas F. Quinn*

_____
Thomas F. Quinn