## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CHEYENNE HOTEL INVESTMENTS, LLC, | § | CASE NO. 19-15743-KHT |
| | § | Chapter 11 |
| Debtor. | § | |

**OBJECTION OF GALAXY CONSTRUCTION, LLC TO UNITED STATES TRUSTEE'S MOTION TO DISMISS CHAPTER 11 CASE OR CONVERT CHAPTER 11 CASE TO CHAPTER 7 UNDER 11 U.S.C § 1112(B)**

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COMES NOW **Galaxy Construction, LLC** ("Galaxy"), Creditor by Assignment, and files this its *Objection* ("Objection") to the *United States Trustee's Motion to Dismiss Chapter 11 Case or Convert Chapter 11 Case to Chapter 7 Under 11 U.S.C. § 1112(b)* [Doc. 118] ("Motion")[1] filed by the United States Trustee for Region 19 ("UST"). Galaxy opposes dismissal or conversion of the Chapter 11 Case and requests an opportunity to propose a plan. Galaxy takes no position as to the appointment of a chapter 11 trustee. In support, Galaxy would respectfully show unto the Court as follows:

### I.
### SUMMARY OF OBJECTION

1. On or about January 24, 2020, Galaxy acquired by assignment the unsecured claim of Ridgeway Communications Enterprises and, contemporaneously with the filing of this Objection, files its Notice of Transfer of Claim Other Than for Security [Doc. 127].

2. Galaxy is in the process of preparing a plan of reorganization it believes would be in the best interest of the creditors in this Chapter 11 Case.

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

**OBJECTION TO MOTION TO DISMISS OR CONVERT**                                                                 Page 1

3. Through this Objection, Galaxy respectfully requests that the Court provide additional time so that the plan of reorganization may be presented.

## II.
## PROCEDURAL BACKGROUND

4. This case was commenced by the filing of a Chapter 11 petition on June 26, 2019.

5. To date, there has been no Trustee appointed in this case. The Debtor is acting as a Debtor-in-Possession.

6. The Debtor's exclusive period to file a Plan in this case has expired without a plan being filed.

## III.
## JURISDICTION & VENUE

7. This Court has jurisdiction over this matter and property of the Debtor and its bankruptcy estate pursuant to 28 U.S.C. §§ 157(a) and 1334.

8. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O).

9. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## IV.
## OBJECTION TO MOTION TO DISMISS OR CONVERT

10. In its Motion, the UST identifies the variety of options before the Court to resolve the noted issues in case management and progress by the Debtor. Now available to the UST and the creditors is yet another alternative, proposal of a plan of reorganization by a creditor.

11. Hilton Franchise Holding LLC correctly notes in its *Response to the United States Trustee's Motion to Dismiss Chapter 11 Case or Convert Chapter 11 Case to Chapter 7 Under 11 U.S.C. § 1112(b)* [Doc. 122] ("Hilton Response"), that the creditors are the ones that should express preferences as to what is in their best interest. *See* Hilton Response, ¶ 2. Galaxy's preference is that the Chapter 11 Case is neither dismissed nor converted, at least for a period of

time, so that the alternative it will be presenting can be pursued. Galaxy believes that other creditors in this case will agree that this is in their better interest and should be afforded the just opportunity to have the same pursued.

12. Amongst the factors to be considered in determining what is in the best interest of creditors and the estate, allowing Galaxy the opportunity to propose a plan weighs most favorably in maximizing the estate's value as an economic enterprise. Galaxy intends to present a plan of reorganization bearing real, immediate benefit to creditors with an experienced team supporting operation and management of the hotel going forward.

13. Dismissal of the Chapter 11 Case, as now sought by Debtor, would provide no benefit to creditors and would, comparatively, be prejudicial to the interests of creditors. *See* Hilton Response, ¶ 6. Conversion of the Chapter 11 Case at this juncture would fail to capture the opportunity Galaxy seeks to present. Proposal of the plan of reorganization, as sought herein, would provide the most expeditious route to conclude or confirm this Chapter 11 Case.

14. Galaxy takes no position as to the appointment of a chapter 11 trustee as sought by the Hilton Response. Certainly, the contents of the Motion raises serious concerns regarding adherence to bankruptcy procedures and management of the Debtor. That being said, Galaxy anticipates the necessity only a limited duration to conclude or confirm this Chapter 11 Case, wherein appointment of a chapter 11 trustee could be costly for the creditors. For such reasons, Galaxy has no keen preference.

WHEREFORE, PREMISES CONSIDERED, Galaxy Construction, LLC respectfully request that this Court refrain from dismissal or conversion of the Chapter 11 Case for a reasonable period of time so that it may file and have heard a plan of reorganization, and for such other and further relief to which they may be justly entitled.

**OBJECTION TO MOTION TO DISMISS OR CONVERT** Page 3

Dated: January 28, 2020

Respectfully submitted,

  */s/ Joyce W. Lindauer*
Joyce W. Lindauer
Texas State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
12720 Hillcrest Road, Suite 625
Dallas, Texas 75230
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
joyce@joycelindauer.com

LARSON LAW FIRM, LLC

*/s/ Mark A. Larson*
Mark A. Larson, #30659
1400 Main Street, Ste. 201-D
Louisville, Colorado 80027
Tele:   303-228-9414
Fax:   303-265-9408
mark@larsonlawyer.com

 Attorneys for Galaxy Construction, LLC

**OBJECTION TO MOTION TO DISMISS OR CONVERT**    **Page 4**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 28, 2020, true and correct copies of the foregoing were served electronically via the Court's CM/ECF notice system to all parties who have appeared, and via U.S. Mail, first class postage prepaid, addressed to:

Cheyenne Hotel Investments, LLC
225 East Cheyenne Mountain Blvd
Colorado Springs, CO 80906

Thomas F. Quinn
303 E. 17th Ave.
Ste. 920
Denver, CO 80203

Paul Moss
Trial Attorney for the U.S. Trustee
Byron G. Rogers Federal Building
1961 Stout Street, Suite 12-200
Denver, Colorado 80294

Debra A Dandeneau
Frank Grese, III
Baker & McKenzie
452 Fifth Avenue
New York, NY 10018

Theodore J. Hartl
Ballard Spahr LLP
1225 17th Street, Suite 2300
Denver, CO 80202

Kimberly Rich
Baker and McKenzie LLP
1900 N. Pearl Street, Suite 1500
Dallas, TX 75201

Deanna L. Westfall
Office of the Colorado Attorney General
1300 Broadway, 8th Floor
Denver, CO 80026

                                                                                 /s/ Joyce W. Lindauer
                                                                                 Joyce W. Lindauer