# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 19-15473-KHT |
| CHEYENNE HOTEL INVESTMENTS, ) | CHAPTER 11 |
| LLC, ) | |
| ) | |
| DEBTOR. ) | |

## OBJECTION TO AMENDED DISCLOSURE STATEMENT FOR CREDITOR'S PLAN OF REORGANIZATION DATED JUNE 24, 2020

COMES NOW Situs Holdings, LLC, in its capacity as Special Servicer for Wells Fargo Bank, N.A., as Trustee for the registered holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2006-C1 ("*Holder*"), in the above-referenced bankruptcy case, and files this objection (the "Objection") to the *Amended Disclosure Statement for Creditor's Plan of Reorganization Dated June 24, 2020* [sic] [ECF No. 188] (the "Amended Disclosure Statement").  In support of this Objection, Holder respectfully represents as follows:

1. On June 24, 2020, Galaxy Construction, LLC ("Galaxy") filed its *Creditor's Plan of Reorganization Dated June 24, 2020* [ECF No. 158] (the "Original Plan") and its *Disclosure Statement for Creditor's Plan of Reorganization Dated June 24, 2020* [ECF No. 157] (the "Original Disclosure Statement").

2. On August 19, 2020, Holder filed its *Objection to Disclosure Statement for Creditor's Plan of Reorganization Dated June 24, 2020* [ECF No. 175] (the "Initial Objection")

US2008 17383356 2

3. On August 25, 2020, Galaxy filed the Amended Disclosure Statement and an *Amended Creditor's Plan of Reorganization Date June 24, 2020* [sic] [ECF No. 189] (the "Amended Plan").[1]

4. Holder is compelled to file this Objection because of a the following provision in the Amended Disclosure Statement and Amended Plan: "Galaxy's opinion of value of Wells Fargo's Collateral (as described below) is $5,000,000 based on discussion with counsel for the secured lender." Amended Disclosure Statement § 5.06; Amended Plan at 12. Shortly before Holder filed its Initial Objection, Galaxy's counsel initiated communications with the undersigned under the guise of trying to resolve any objections Holder had with the Original Plan. At no point did the undersigned suggest that Holder's collateral (presumably Galaxy means the Debtor's hotel) was worth only $5 million. Indeed, Holder believes that the Debtor's hotel is worth more than that.[2] The undersigned is disappointed that Galaxy has misrepresented to the Court (and potentially to any recipients of the Amended Disclosure Statement) the basis for Galaxy's valuation. Moreover, even if the undersigned had communicated an opinion that the Debtor's hotel was worth $5,000,000, which the undersigned did not, such a communication and opinion would have been in the context of settlement discussions and would have been protected from disclosure by Federal Rule of Evidence 408.

---

[1] Holder is still reviewing the Amended Disclosure Statement and Amended Plan and does not waive any objections to the same.

[2] Holder is in the process of obtaining a valuation of the Debtor's hotel.

2

5. The Court should deny approval of the Amended Disclosure Statement. The Amended Disclosure Statement and Amended Plan imply that the undersigned or Holder believes the Debtor's hotel's value is only $5 million. This is grossly misleading. Instead, it appears that, as with the Original Disclosure Statement and Original Plan, Galaxy has simply replaced its prior lowball valuation with a slightly higher lowball valuation. There is still no valid explanation as to how Galaxy arrived at its valuation.[3] As a result, the Amended Disclosure Statement cannot be approved.

6. For all of the foregoing reasons and for the reasons set forth in the Initial Objection, Holder respectfully requests that the Court: (a) deny Galaxy's request for approval of the Disclosure Statement or Amended Disclosure Statement; and (b) grant such other relief as the Court deems just, equitable, and proper.

Date: August 26, 2020.

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

/s/ *Colin M. Bernardino*
Colin M. Bernardino
Georgia Bar No. 054879
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

*Counsel for Holder*

---

[3] If Galaxy has no appraisal or other valuation upon which it is relying, any solicited disclosure statement should reflect this – but if Galaxy has no appraisal or other valuation, then such a disclosure statement should not be approved for the reasons set forth in the Initial Objection.